# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1513V

| | |
|---|---|
| KELLY S. CARPINO and ROBBIN L. REINARD, as personal representatives of the ESTATE of ROBERT E. WONDERLING,<br><br>       Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: April 2, 2024 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.*

*Jennifer A. Shah, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

   On October 13, 2022, Kelly S. Carpino and Robbin L. Reinard ("Petitioners") as the personal representative of the estate of Robert E. Wonderling ("decedent") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that the decedent suffered Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine on October 18, 2019. Petition at 1; Stipulation, filed at April 1, 2024, ¶¶ 1-4. Petitioners further allege that the decedent experienced the residual effects of this condition for more than six months. Petition at 11-12; Stipulation at ¶4. "Respondent denies that decedent suffered from GBS; denies that the vaccine caused decedent's

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

alleged injury, or any other injury; and denies that decedent's death was a sequela of a vaccine-related injury." Stipulation at ¶ 6.

Nevertheless, on April 1, 2024, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $111,000.00, in the form of a check payable to Petitioners**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioners' compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KELLY S. CARPINO and ROBBIN L. REINARD, as personal representatives of the estate of ROBERT E. WONDERLING,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 22-1513V<br>Chief Special Master Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Kelly S. Carpino and Robbin L. Reinard, petitioners, as personal representatives of the estate of Robert E. Wonderling, decedent, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to the receipt of the influenza ("flu") vaccination by decedent, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Decedent received a flu vaccine on October 18, 2019.

3. The vaccination was administered within the United States.

4. Petitioners allege that decedent suffered Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table. They further allege that decedent experienced the residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action

1

for damages on decedent's behalf as a result of his condition.

6. Respondent denies that decedent suffered from GBS; denies that the vaccine caused decedent's alleged injury, or any other injury; and denies that decedent's death was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$111,000.00** in the form of a check payable to petitioners, Kelly S. Carpino and Robbin Reinard, as legal representatives of the Estate of Robert E. Wonderling, decedent. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. §

2

1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as personal representatives of the estate of Robert E. Wonderling, on their own behalf and on behalf of the estate and decedent's heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of decedent resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 18, 2019, as alleged by petitioners in a petition for vaccine compensation filed October 13, 2022, in the United States Court of Federal Claims as petition No. 22-1513V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused decedent's alleged injury or any other injury or his death, or that decedent suffered an injury contained in the Vaccine Injury Table.

16. All rights and obligations of petitioners hereunder in their capacity as personal representatives of the estate of Robert E. Wonderling shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Kelly S. Carpino*

KELLY S. CARPINO

**PETITIONER:**

*/s/ Robbin L. Reinard*

ROBBIN L. REINARD

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Jeffrey S. Pop*

JEFFREY S. POP
JEFFREY S. POP & ASSOCIATES
9150 Wilshire Blvd., Suite 241
Beverly Hills, CA 90212-3429
jpop@poplawyer.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.03.11 15:20:31 -04'00'       for

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

Dated: 4/1/24

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Jennifer A. Shah*

JENNIFER A. SHAH
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-2181
jennifer.shah@usdoj.gov

5